UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| James Brackett,<br><br>             Plaintiff,<br><br>   v.<br><br>Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive,<br><br>             Defendants. | Civil Action No.: 3:13-cv-00193<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

For this Complaint, the Plaintiff, James Brackett, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, James Brackett ("Plaintiff"), is an adult individual residing in Kingston, Tennessee, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton Freeway, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Commercial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Commercial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Commercial Engages in Harassment and Abusive Tactics

12. In or around January 2013, Defendants placed a call to the home of Plaintiff's father in an attempt to collect the Debt.

2

13.     At such time, Plaintiff was visiting at his father's home, so he was able to speak with Defendants.

14.     During such initial telephone communication, Plaintiff explained to Defendants that his only source of income was from Social Security, and he could not afford to pay the Debt to Defendants.

15.     In response, Defendants threatened Plaintiff with legal action and immediate garnishment of Plaintiff's disability checks.

16.     Defendants did not have the present intent to initiate legal action against Plaintiff and did not have the legal ability to garnish any monies without first filing suit.

17.     Furthermore, Defendants made several degrading and derogatory statements to Plaintiff, including calling him a lazy bum, stating that he needed to learn to speak proper English and stating that the Defendants were better than him.

18.     These statements left the Plaintiff feeling humiliated and belittled.

19.     Due to Defendants' rude and aggressive tone, Plaintiff immediately terminated the telephone call with Defendants.

20.     Shortly thereafter, Defendants placed approximately six (6) successive calls to Plaintiff's father's home telephone within a ten (10) minute period, for no other reason than to harass and annoy Plaintiff.

21.     Pursuant to the Tennessee Collection Service Act, "[n]o person shall commence, conduct or operate any collection service business in this state unless the person holds a valid collection service license issued by the [Collection Service] board under this chapter or prior state law." Tenn. Code Ann. §62-200-105(a).

22. Defendant is a "collection service" as that term is defined by the Tennessee Collection Service Act.

23. At all times relevant to this action, Defendant had not been issued – or even applied for – a valid collection service license by the Tennessee Collection Service Board, which is necessary for a collection service to legally collect debts in Tennessee.

24. By attempting to collect the Debt from Plaintiff without being licensed as a collection service, Defendants took actions against Plaintiff they were not legally entitled to take.

C. **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

4

30. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the consumer.

31. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading means in connection with the collection of a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Tennessee further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Tennessee state law.

41. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with successive phone calls to his father's home.

42. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

43. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

45. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III

## NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

48. The foregoing conduct constitutes the torts of negligent and/or intentional infliction of emotional distress under the laws of the State of Tennessee.

49. All acts of Defendant and the Collectors complained of herein were committed with wantonness and recklessness, and as such, Defendant is subject to imposition of punitive damages.

50. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

51. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

52. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of Tennessee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and negligent infliction of emotional distress in an amount to be determined at trial for Plaintiff;

7

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 8, 2013

Respectfully submitted,

By */s/ Kenneth D. McLean*

Kenneth D. McLean (BPR No. 30472)
THE McLEAN LAW FIRM, LLC
P.O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
Kenneth@themcleanlawfirm.com

Of Counsel To
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237